UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62547-CIV - MARTINEZ

ELEANOR CHAMBERS,

    Plaintiff,

v.

FINANCIAL DATA SYSTEMS, LLC,

    Defendant.

Civil Action File
No.: 0:21-CV-62547-MARTINEZ

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Federal Rule 12(b)(6), Defendant Financial Data Systems, LLC files this motion to dismiss Plaintiff's Complaint. For the reasons set forth below, Defendant respectfully requests that the Court grant this motion and dismiss Plaintiff's Complaint with prejudice.

### I. Introduction

Plaintiff Eleanor Chambers ("Plaintiff") has filed a lawsuit alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). However, by filing three additional, identical complaints, Plaintiff has engaged in improper claim-splitting, and this matter should be dismissed as a matter of law.

### II.    Statement of Facts

In her Complaint, Plaintiff alleges that she suffered an accident on or around November 30, 2020 that required medical treatment. (Dkt 1-1 ¶ 8.) On or about December 3, 2020, Plaintiff alleges she received medical treatment by North Broward Radiologists ("Care Provider"). (Dkt. 1-1 ¶ 9.) Plaintiff contends that such services were work-related and the payment of services was the

1

responsibility of Plaintiff's employer. (Dkt. 1-1 ¶¶ 12-13.) She alleges that Care Provider contacted Defendant to collect, or attempt to collect, the debt for services from Plaintiff. (Dkt. 1-1 ¶ 16.) Specifically, on October 14, 2021, Defendant allegedly sent a collection letter in an attempt to collect the debt for services incurred by Plaintiff. (Dkt. 1-1 ¶ 28.)

On November 22, 2021, at 3:32PM, Plaintiff filed the underlying Complaint ("*Chambers II*") in the 17th Judicial Circuit of Broward County, Florida, No. 139008835, for statutory and actual damages, as well as costs and attorneys' fees pursuant to 15 U.S.C. § 1692. That same day, Plaintiff filed three other complaints.

- No. 139007735 at 3:25pm, later removed to this Court, No. 0:21-CV-62545-MGC ("*Chambers I*");

- No. 139011606 at 3:48pm, later removed to this Court, No. 0:21-CV-62548-FAM ("*Chambers III*");

- No. 139012451 at 3:52pm, later removed to this Court, No. 0:21-CV-62549-FAM ("*Chambers IV*").

The filed complaints are identical in every aspect, including the parties and the alleged facts,[1] except in paragraph 9 of *Chambers I*, Plaintiff alleges her injury occurred on October 30, 2020 rather than November 30, 2020, and her treatment occurred on November 3, 2020, rather

---

[1] Each Complaint was also served with identical sets of discovery. (*See Chambers I,* No. 0:21-CV-62545, Dkt. 1-1, pp. 10-20; *Chambers III,* No. 0:21-CV-62548, Dkt. 1-1, pp. 10-20; *and Chambers IV,* Case No. 0:21-CV-62549, Dkt. 1-1, pp. 10-20.)

than December 3, 2020.² (*Compare Chambers I,* No. 0:21-CV-62545, Dkt. 1-1, *with Chambers III,* No. 0:21-CV-62548, Dkt. 1-1; *and Chambers IV,* Case No. 0:21-CV-62549, Dkt. 1-1.)

### III.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007) (citation omitted). Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* at 1965. A court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S. Ct. 1937, 1951 (2009). "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). The court then must determine whether the factual allegations "plausibly suggest an entitlement to relief, which requires more than a showing of "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

### IV.  Legal Argument

Plaintiff's Complaint should be dismissed as a form of impermissible claim splitting. The doctrine of claim-splitting aims to promote judicial economy by barring duplicative actions. *Curtis*

---

² Exhibit A attached to the complaints contradicts the allegation in paragraph 9, indicating the date of service was December 3, 2020.

*v. Citibank N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). When an action is duplicative of another federal court suit, the District Court may stay or dismiss the second action. *Id*. (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The claim-splitting test borrows its elements from the res judicata, or claim preclusion, test. *Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, No. 8:07-CV-227-T-27TGW, 2008 WL 759095 at *6 (M.D. Fla. Mar. 20, 2008). The tests differ only differ in that claim-splitting does not consider whether an action has reached final judgment. *Curtis*, 226 F.3d at 139.

Claim-splitting is present when: 1) the cases involve the same parties and their privies, and 2) the cases arise from the same transaction or series of transactions. *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841-42 (11th Cir. 2017). Cases arise from the same transaction when they share "the same nucleus of operative facts." *Id*. at 842 (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004)).

In 2017, the Eleventh Circuit addressed a case that is very similar to these in *Vanover*. *Vanover*, 857 F.3d 833. In *Vanover*, ("*Vanover II*") arose out of a prior action ("*Vanover I*"). *Id.* at 836. In *Vanover I*, the plaintiff brought claims against NCO Financial Systems ("NCO") for violations of the Telephone Consumer Protection Act ("TCPA") spanning over one year. *Id*. While NCO's Motion for Summary Judgment was pending in *Vanover I*, plaintiff filed *Vanover II*. *Id*. In *Vanover II*, the same plaintiff brought claims against the same defendant for violations of the TCPA as well as the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. *Id*. Plaintiff's claims in *Vanover II* arose out of the same conduct as *Vanover I*, except that the alleged violations spanned three years prior, overlapping with *Vanover I* by only

about 7 months. *Id*. at 837. NCO filed a Motion to Dismiss *Vanover II* based on claim-splitting. *Id*. at 836.

The Eleventh Circuit first considered "whether the case involves the same parties and their privies." *Vanover*, 857 F.3d at 841-42. The court answered in the affirmative, as the plaintiff and defendant were the same in both *Vanover I* and *Vanover II*. *Id*. The court then considered "whether separate cases arise from the same transaction or series of transactions." *Id*. at 842. It held that cases arise from the same transaction when they share "the same nucleus of operative facts." *Vanover*, 857 F.3d at 842 (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004)). There, even though the alleged violations of the TCPA occurred in successive years, the court found that the violations arose from the same transaction or "collection efforts" and therefore should have been brought together. *Id*. Accordingly, the court found that plaintiff had engaged in improper claim-splitting and granted Defendant's Motion to Dismiss. *Id*. at 843.[3]

Indeed, the statutory language of the FDCPA does not support Plaintiff's side-stepping of the statute's restriction of a maximum $1,000 penalty per action filed. For example, the FDCPA provides that a court should consider "the frequency and persistence of noncompliance" when assessing a statutory damages award. 15 U.S.C. § 1692k(b)(1). This suggests that "Congress did not intend each noncompliance to be its own 'action,' . . . but rather wrote the statute with the understanding that multiple violations of the act would be addressed in a single action." *Laccinole v. Diversified Consultants, Inc.*, No. 1:19-CV-00149-MSM-LDA, 2020 WL 1862969 (D. RI. April

---

[3] *See also, e.g. Shannon v. Nat. Railroad Pass. Corp.*, No. 1:18-CV-22143-UU, 2018 WL 11255571 (S.D. Fla. July 11, 2018) (examining *Vanover* and dismissing case that arises from the same set of operative facts of a first-filed case); *Rumbough v. Comenity Capital Bank*, No. 6:17-cv-956-Orl-18GJK, 2017 WL 100585564 (M.D. Fla. Nov. 6, 2017).

14, 2020) (quoting *Raimondi v. McAllister & Associates, Inc.*, 50 F. Supp. 2d 825, 828-29 (N.D. Ill. 1999)); *see also White v. Bruck*, 927 F. Supp. 1168, 1171 (W.D. Wis. 1996) (holding that the court's consideration of "frequency and persistence of noncompliance" indicates that "Congress envisioned situations in which debt collectors engage in multiple violations of the act").

Here, as in *Vanover*, *Chambers I* and *Chambers II* share identical parties—Eleanor Chambers and Financial Data Systems, LLC. *See* Case No. 0:21-CV-62545, Dkt. 1-1. Second, not only do the complaints share the same nucleus of facts, the complaints are *identical* (albeit *Chambers I* has a typographical error in the date of injury and service). *See id*. In both *Chambers I* and *Chambers II*, Plaintiff alleges that defendant attempted to collect a debt incurred by Plaintiff's treatment through North Broward Radiologists. (*See id.*, ¶ 9.) Specifically, through an alleged letter sent on October 14, 2021. (*See id.*, ¶ 28.) Both raise one claim under 15 U.S.C. § 1692. (*See id.*, ¶¶ 32-40.)

Moreover, the claim-splitting doctrine concerns "the District Court's comprehensive management of its docket," and promotes judicial economy. *Vanover*, 857 F.3d at 841, quoting *Khan v. H&R Block Enters*., Inc. No. 11-20335 Civ., 2011 WL 3269440 at *6 (S.D. Fla. July 29, 2011). Here, Plaintiff has served Defendants with duplicative sets of discovery and seeks a trial by jury in both *Chambers I* and *Chambers II*, invoking an outsized portion of "scarce judicial resources" and undermining "the efficient and comprehensive disposition of cases." *Id*. quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).

Applying the two-factor test to this action, there is improper claim splitting that warrants dismissal.

## V. Conclusion

For the foregoing reasons, this Court should dismiss this case with prejudice.

Counsel for the movant has conferred with opposing counsel in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

This 14th day of January, 2022.

                                                Respectfully submitted,

                                                DENTONS US LLP
/s/ *Monica L. Irel*
Monica L. Irel, Esq.
FL Bar No. 0142395
10700 N. Kendall Drive, Suite 303
Miami, FL 33176
Telephone: (305) 670-4843
Facsimile: (305) 670-4846
Email: monica.irel@dentons.com

*Attorney for Financial Data Systems, LLC*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the foregoing was served this <u>14th</u> day of January, 2022, via the Court's electronic filing system and via First Class U.S. Mail, postage prepaid, on the following:

**THOMAS J. PATTI, ESQ.**
Florida Bar No: 118377
E-mail: tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, suite 1744 Fort Lauderdale, Florida 33301
Phone:954-907-1136

**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.corn
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone: (561) 236-8851

**JOEL A. BROWN, ESQ.**
Florida Bar No.: 66575
E-mail: joel.brown@friedmanandbrown.com
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone: (954) 966-0111

/s/ Monica L. Irel
Monica L. Irel, Esq.
FL Bar No. 0142395